IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER SADOWSKI,

                              Plaintiff,

   v.                                                OPINION AND ORDER

MISSISSIPPI VALLEY BROADCASTERS, LLC,        18-cv-946-jdp

                              Defendant.

---

At its heart, this is a copyright infringement case. Plaintiff Christopher Sadowski alleges that defendant Mississippi Valley Broadcasters, LLC, reproduced his copyrighted photograph of a Burger King restaurant without permission, which violates 17 U.S.C. § 501. But Sadowski also contends that defendant removed his photo credit, which violates 17 U.S.C. § 1202(b), the provision of the Digital Millennium Copyright Act (DMCA) that prohibits the removal of "copyright management information." Copyright management information would include the photo credit at issue here.

Defendant moves to dismiss the DMCA claim on the ground that Sadowski has not plausibly alleged that defendant knowingly removed the photo credit. Dkt. 12. The motion presents a straightforward question that the court can decide without Sadowski's response.

Sadowski alleges that defendant copied his photo from an article on the New York Post website, where Sadowski's photo was published with authorization. Sadowski's first complaint attached as exhibit B a copy of the New York Post article (apparently downloaded November 25, 2018) that included an authorized reproduction of Sadowski's photograph. Dkt. 1-2. But that copy did not contain Sadowski's photo credit. Defendant moved to dismiss the DMCA claim, contending that the photograph as published on the New York Post website had no

copyright management information to remove. Dkt. 8. Sadowski promptly amended his complaint, this time attaching a copy of the New York Post article (downloaded December 26, 2018) which included Sadowski's photo credit. Dkt. 9-2. Defendant filed a new motion to dismiss directed at the amended complaint. Dkt. 12.

Defendant argues that Sadowski has not plausibly alleged that defendant removed the photo credit, because Sadowski has not plausibly alleged that defendant downloaded the version of the New York Post article that actually had the photo credit. Defendant relies on *Merideth v. Chicago Tribune Co., LLC*, No. 12 C 7961, 2014 WL87518 (N.D. Ill., Jan. 9, 2014) to support its argument that Sadowski has not adequately pleaded a violation of § 1202(b). In *Merideth*, the complaint did not allege that the defendant had acquired the copyrighted photograph with a photo credit attached. The court concluded that without that allegation, there was no plausible inference that defendant removed the credit.

But in this case, Sadowski has expressly alleged that defendant copied the photograph with the photo credit attached and reproduced it without the credit:

> Upon information and belief, in its article on its Website, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating, "Christopher Sadowski" and placed it on its website without the gutter credit.

Dkt. 9, ¶ 21. This allegation would be sufficient to support a plausible inference that defendant knowingly removed Sadowski's photo credit. But there's more. Sadowski also alleges:

> Upon information and belief, [defendant] intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

*Id.*, ¶ 22. Plaintiff's specific allegations would correct the pleading flaws found in *Merideth*.

Defendant argues further that Sadowski has alleged no facts that would support the conclusion that defendant obtained the photograph from a version that has the Sadowski photo credit, rather than an earlier version that did not have it. At this point, it looks like defendant has a decent defense on the merits. But Sadowski is not required to prove his case in his pleading; he must only allege a plausible claim for relief. Sadowski alleges some critical facts "on information and belief," but that form of pleading is appropriate for matters within the purview of the defendant, such as defendant's knowledge or intent. Of course, at some point, Sadowski will need to adduce evidence to support his allegations, and he should not maintain his DMCA claim after he realizes that he has no support for it.

The court concludes that Sadowski has adequately pleaded a claim under § 1202(b). Defendant's motion to dismiss, Dkt. 12, is DENIED.

Entered January 11, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge